IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM J. MASON, ) | CIVIL ACTION NO. 9:12-cv-01157-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied Disability Insurance Benefits (DIB). This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

The record reflects that Plaintiff filed an application for Supplemental Security Income (SSI) on August 20, 2007 (protective date), and thereafter filed a separate application for DIB on September 10, 2007. (R.pp. 71, 434-435).[2] Plaintiff alleged a disability onset date of

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the Defendant in this lawsuit.

[2]Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No.
(continued...)



January 1, 2001 in both of these applications. Plaintiff was determined to be disabled for purposes of his SSI application, and was awarded benefits beginning in August 2007. (R.pp. 402-403, 417). However, Plaintiff's application for DIB was denied; (R.p. 30); following which Plaintiff requested a hearing before an Administrative Law Judge (ALJ). Plaintiff's hearing on his DIB application was held on August 24, 2010; (R.pp. 453-473); with the ALJ thereafter denying Plaintiff's claim for DIB in a decision issued September 24, 2010. (R.pp. 10-15). The ALJ determined that Plaintiff had failed to establish that he was disabled through June 30, 2005, the date Plaintiff was last insured for purposes of disability insurance benefits, and was therefore not entitled to DIB. (R.p. 10). The Appeals Council denied Plaintiff's request for a review of that decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 3-6).

Plaintiff then filed this action in this United States District Court. Plaintiff asserts that the decision granting him SSI was based on a finding that he was disabled as of his alleged onset date (January 1, 2001), that this finding is binding on the Commissioner, and that Plaintiff is therefore statutorily entitled to Disability Insurance Benefits as well. Alternatively, Plaintiff argues that procedural deficiencies in the case constitute newly discovered evidence that warrants remand under Sentence Six of the Social Security Act. The Commissioner contends that the decision to deny Plaintiff disability insurance benefits is supported by substantial evidence, and that the decision should be affirmed.

---

$^2$(...continued)
06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that [he] was disabled during the insured period for DIB may still receive SSI benefits if [he] can establish that [he] is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].

2



**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980).  If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642.  "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for



at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff did suffer from hypertension, coronary artery disease, and ethanol (alcohol) abuse, he did not have an impairment or combination of impairments that significantly limited his ability to perform basic work related activities for twelve consecutive months through the date he was last insured (June 30, 2005), and was therefore not entitled to disability insurance benefits. (R.pp. 12, 15).[3]  As noted, Plaintiff contends that in his separate SSI application he was found to be disabled as of January 1, 2001, and that this finding is binding with respect to his DIB application as well. However, after careful review and consideration of the evidence and arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that there is substantial evidence to support the decision of the Commissioner, and that the decision should therefore be affirmed.

The record before the Court reveals that Plaintiff filed separate applications for SSI and DIB, asserting a disability onset date of January 1, 2001 in both. On March 6, 2008, state agency physician Dr. George Keller reviewed the medical evidence and completed a Physical Residual Functional Capacity Assessment of the Plaintiff in which he concluded, inter alia, that there was insufficient evidence to rate Plaintiff's alleged impairments prior to June 30, 2005, when his eligibility for DIB expired. (R.p. 271). He then filled out two separate disability determination forms - one for each application. In the disability determination form with respect to Plaintiff's application for DIB, Dr. Keller found that Plaintiff had not established that he was disabled through June 30, 2005. (R.p. 16). However, with respect to Plaintiff's application for SSI, which sought

---

[3] In order to qualify for DIB, Plaintiff has to prove that he became disabled between his alleged onset date and the date he was last insured for DIB purposes. See Johnson v. Barnhart, 434 F.3d 650, 655-656 (4th Cir. 2005).



benefits from August 2007 forward,[4] Dr. Keller found that Plaintiff was disabled and entitled to SSI, and in completing the disability determination form for Plaintiff's SSI application he put the date of January 1, 2001, Plaintiff's alleged onset date, in the "Disability Began" section. (R.p. 403). Plaintiff was thereafter notified by letter dated March 7, 2008 that his claim for DIB had been denied, while in a second letter dated March 28, 2008, Plaintiff was notified that he was eligible for SSI beginning August 20, 2007 (the date of his SSI application). (R.pp. 30, 417). Subsequently, Dr. Keller filled out a second disability determination form addressing Plaintiff's SSI application on July 23, 2009, in which he changed the "Disability Began" date to August 20, 2007. (R.p. 402).

In her decision of September 24, 2010 denying Plaintiff's claim for DIB, the ALJ noted that Plaintiff had been found to be disabled for purposes of receiving SSI as of August 20, 2007. (R.p. 10). However, Plaintiff argues that his entitlement to SSI was based on a finding that he has been disabled since January 1, 2001, citing to Dr. Keller's disability determination form of March 6, 2008, that that finding is binding, and that the ALJ had a non-discretional duty to consider and reconcile the fact that Plaintiff had been found by Dr. Keller to be disabled as of January 1, 2001 for purposes of SSI, with her decision that Plaintiff was not disabled through June 30, 2005. Payne v. Barnhart, 366 F.Supp.2d 391, 402 (W.D.Va. 2005)[Noting that substantial evidence requires the Commissioner to analyze all the evidence and sufficiently explain the weight given to obviously probative exhibits]. This argument is without merit, as it relies on an obvious scrivener's error in Dr. Keller's initial disability determination form of March 6, 2008, subsequently corrected in the form of July 23, 2009. (R.p. 403). See Moore v. Astrue, No. 06-3514, 2008 WL 216605, at * 5

---

[4]Under SSI, the claimant's entitlement to benefits (assuming they establish disability) begins the month following the date of filing the application forward. Pariseau v. Astrue, No. 07-268, 2008 WL 2414851, * 13 (D.R.I. June 13, 2008); see 20 C.F.R. § § 416.202(g), 416.203(b), 416.335 (2009).



(D.S.C. Jan. 24, 2008)[Scrivener's error not grounds for remand].

As Plaintiff herself acknowledges, the standard for disability is the same under both DIB and SSI. See also, Emberlin, 2008 WL 565185, at * 1, n. 3. Dr. Keller clearly found in the Physical Residual Functional Capacity Assessment he completed on March 6, 2008 that there was insufficient evidence to even rate Plaintiff's alleged impairments prior to June 30, 2005, and in a separate disability determination form, also dated March 6, 2008 and addressing Plaintiff's claim for DIB, he further found that Plaintiff had not established disability through June 30, 2005. See (R.pp. 16, 271). While Dr. Keller did write on Plaintiff's SSI disability determination form dated *that same date* that Plaintiff was disabled as of January 1, 2001 for purposes of his SSI application, this was an obvious scrivener's error. Dr. Keller subsequently completed a second disability determination form addressing Plaintiff's application for SSI in which he corrected Plaintiff's disability date to August 20, 2007; (R.pp. 402-403); and as pointed out by the Defendant, the fact that the disability date shown in the initial SSI disability determination form was a scrivener's error is further confirmed by the simple fact that Plaintiff was not eligible for, and could not obtain, disability under SSI prior to August 20, 2007. See 20 C.F.R. § 416.335 [The earliest month for which the agency can pay SSI benefits is the month following the month the individual filed their application].

Plaintiff argues that the ALJ committed reversible error by not explaining in her decision why her finding that Plaintiff was not disabled through June 30, 2005, and therefore not eligible for DIB, was not in conflict with the agency's decision that he was disabled as of January 1, 2001 for purposes of his SSI claim. However, for the reasons already stated, Plaintiff was not found to be disabled as of January 1, 2001 in her SSI application. The ALJ was not required to



explain a discrepancy that did not exist Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)[court scrutinizes the record as a whole to determine whether the conclusions reached are rational]. While the ALJ noted the fact that Plaintiff had been found disabled on August 20, 2007 for purposes of her SSI application; (R.p. 10); her decision only pertained to Plaintiff's application for DIB, Plaintiff's eligibility for which expired in 2005.

Even if (as argued by the Plaintiff) the ALJ should have mentioned the first disability determination form of Dr. Keller in her decision, the ALJ's failure to do so is not reversible error under the facts of this case. Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1999)["No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"]; See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) ["An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where...the deficiency probably had no practical effect on the outcome of the case"], quoting, Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987). The ALJ adequately addressed the reasons for her decision that Plaintiff was not entitled to DIB, and her review and analysis of the record and evidence is sufficiently comprehensive to permit appellate review of Plaintiff's claim. Lyall v. Chater, No. 94-2395, 1995 WL 417654 at * 1 (4th Cir. 1995)[Finding no error where the ALJ's analysis "was sufficiently comprehensive as to permit appellate review"]. Therefore, this assertion of error is without merit. Russell v. Chater, No. 94-2371, 1995 WL 417576 at * 3 (4th Cir. 1995)[Noting that the ALJ had "discussed the evidence in detail and amply explained the reasoning which supported his determination. There is thus no impediment to judicial review in the case before us"]; Blalock, 483 F.2d at 775 [it is the claimant who bears the burden of proving his disability].

7



With respect to Plaintiff's argument that, in the alternative, this case should be remanded for consideration of the evidence concerning Plaintiff's SSI application and finding of disability because there is nothing in the record to suggest that Plaintiff received proper notice of how the Commissioner could find him to be medically disabled for purposes of SSI and not medically disabled for purposes of DIB, that the Commissioner had denied his DIB claim, or proper instructions on how to proceed in terms of appealing, these contentions are also without merit. As correctly noted by the Commissioner, the records concerning Plaintiff's SSI application and findings were before the ALJ at the time she rendered her decision. Therefore, this is not "newly discovered evidence" which would require a remand for its consideration, as newly discovered evidence is evidence that was not before the Commissioner. See 42 U.S.C. § 405(g). The ALJ specifically stated that she had reviewed the entire record (which included the SSI records) in reaching her decision, and indeed in doing so specifically noted the fact that Plaintiff had been found disabled for purposes of SSI benefits. (R.pp. 10, 12). See Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2008)[Appellate courts generally take a lower tribunal at its word when it states that it has considered a matter]; Wall v. Astrue, 561 F.3d 1048, 1070 (10th Cir. 2009)[Noting well established principle of taking ALJ at his word when he indicates he considered all of the evidence]. For the reasons already stated, there is ample explanation in the decision and the record of this case for why the ALJ found Plaintiff not to be disabled for purposes of receiving DIB even though he had been awarded SSI benefits.[5]

As for Plaintiff's final assertion that he did not receive notice of the decision on his

---

[5]Plaintiff also asserts some type of error was committed because the ALJ did not consider "the facts of [Plaintiff's] 2004 . . . claims for DIB and SSI." However, there is no evidence in the record that Plaintiff ever filed an application in 2004. See (R.pp. 36, 449-450).

8



DIB application or proper instructions on how to appeal, the record clearly reflects that a Social Security notification letter notifying Plaintiff that his claim for DIB had been denied and advising him how to appeal this decision was issued on March 7, 2008. (R.pp. 30-31). In any event, since Plaintiff was allowed to appeal the denial of his application for DIB, it is unclear what harm Plaintiff is alleging as a result of the agency's purported failure to provide him with proper notice that his DIB claim had been denied. Shinseki v. Sanders, 556 U.S. 396, 409 (2009)[Claimant has the burden of showing that an alleged error committed by the agency was harmful error]. These claims are without merit.

## Conclusion

This Court's scope of review is limited by § 405(g) to 1) whether the Commissioner's decision is supported by substantial evidence, and 2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hayes, 907 F.2d at 456; Richardson, 574 F.2d at 803; Meyers, 611 F.2d at 982-983. After review of the record and decision in this case, the undersigned does not find an error of law or that the decision is not supported by substantial evidence. Therefore, it is recommended that the decision of the Commissioner be **affirmed**.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 23, 2013
Charleston, South Carolina

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

